## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

NOV 2 0 2012

Paul Gregory Chapman, )
    Petitioner, )
     )
v. )      1:12cv332 (LO/JFA)
     )
Harold W. Clarke, )
    Respondent. )

### MEMORANDUM OPINION

Paul Gregory Chapman, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of possession of child pornography in the Circuit Court of Stafford County. On May 25, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Chapman was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply with exhibits. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

On May 21, 2009, Chapman was convicted following a jury trial of one count of possession of child pornography and nine counts of possession of child pornography, second or subsequent offense. Chapman received a sentence of fourteen years active incarceration. Commonwealth v. Chapman, Case Nos. CR08000399-03 through -12. Chapman's convictions were affirmed by the Virginia Court of Appeals in a published opinion dated August 17, 2010. It reflects the following underlying facts:

On the morning of February 14, 2008, police officers executed a

search warrant on a Stafford County home owned by appellant's parents. Appellant resided in a basement apartment in this home, which had a separate door to the outside, as well as a living room, a bedroom, a bathroom, and a storage area. Appellant had lived in the basement apartment for two-and-a-half years, and he had been its sole occupant for approximately five months.

Appellant was in the basement apartment when the officers executed the search warrant. In the basement apartment's living room, appellant's computer was turned on, and its monitor displayed a photograph of appellant. The police seized this computer.

Detective Darrell Wells, who was admitted at appellant's trial as an expert in computer forensics, conducted an examination of appellant's computer. His examination revealed that the temporary Internet file cache of appellant's computer contained twenty digital pictures that were characterized as child pornography. Fourteen additional photographs depicted young girls who were completely nude, or only partially clothed, and another file contained a video of a man engaging in sexual intercourse with a young girl. Detective Wells did not detect any viruses on appellant's computer and found no signs that these files carried any viruses.

Based on his analysis of appellant's computer and the temporary Internet cache, Detective Wells testified that these temporary files had all been created and saved to the computer's hard drive between 8:07 a.m. and 8:12 a.m. on the morning of February 14, 2008 - less than two hours before the police arrived to execute the search warrant. There was no evidence that appellant left the basement apartment that morning or that anyone else had been inside the basement apartment that morning.

Chapman v. Commonwealth, 56 Va.App. 725, 728-29, 697 S.E.2d 20, 22-23 (2010), footnote

omitted. Chapman's petition for further review by the Supreme Court of Virginia was refused on

January 21, 2011. Chapman v. Commonwealth, R. No. 101765 (Va. Jan.21, 2011).

On May 21, 2011, Chapman filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising eighteen (18) claims for relief. The petition was denied on

October 13, 2011. Chapman v. Dir., Dep't of Corrections, R. No. 110896 (Va. Oct. 13, 2011).

Chapman then turned to the federal forum and timely filed the instant petition for § 2254

relief on March 6, 2012,[1] raising the following claims:

1. He received ineffective assistance of counsel where his attorney:

   a. Failed to file for a forensics examiner. (State habeas claim A).

   b. Failed to secure or interview witnesses for the defense. (State habeas claim C).

   c. Failed to file for a bill of particulars. (State habeas claim B).

   d. Failed to subpoena e-mails, disclaimers from websites, and telephone numbers from petitioner's phone. (State habeas claim D).

   e. Shared information with the prosecutor. (State habeas claim E).

   f(1). Failed to object to altered evidence submitted by the Commonwealth. (State habeas claim G).

   f(2). Failed to correct the altered presentence report. (Not raised on state habeas).

   g. Failed to visit petitioner a sufficient number of times to prepare for trial. (State habeas claim I).

   h. Failed to present any defense evidence at trial. (State habeas claim J).

   i. Failed to question petitioner's mother and brother regarding the brother being under investigation for child pornography. (State habeas claim H).

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed his habeas application in the prison mailing system on March 6, 2012, Pet. at 15, and it was date-stamped as received by the Clerk on March 15, 2011. Pet. at 1. The petition initially was filed in the Western District of Virginia, where petitioner is confined, and was transferred to this district pursuant to 28 U.S.C. § 2241(d) on March 23, 2012.

> j.    Failed to contact petitioner regarding his appeal and left out several grounds for appeal. (State habeas claim K).
>
> k.    Failed to correct the presentence report that was "falsely filled out." (Not raised on state habeas).

2.    The evidence was insufficient to establish his guilt. (State habeas claim M).

3.    The evidence was insufficient to establish a second or subsequent possession conviction when there was no evidence of second or subsequent offense. (State habeas claim N).

4.    The prosecutor knowingly used false evidence. (State habeas claim O).

5.    Trial court error occurred where:

> a.    The court violated petitioner's right to present evidence. (State habeas claim P).
>
> b.    An improper jury instruction was given on the law of "knowingly possessed." (State habeas claim Q).
>
> c.    The court imposed sentence based on a "falsified presentence report." (not raised on state habeas).
>
> d.    The court violated petitioner's right to call for and present evidence. (State habeas claim P).

As respondent has filed a Motion to Dismiss and Rule 5 Answer and petitioner has replied, the matter is now ripe for review.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity

to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In addition, in order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated. Id. at 365. Here, claims 1(f)(2), 1(k), 3 and 5(c) were never presented to the Supreme Court of Virginia and so remain unexhausted. Because it is clear that these claims would be procedurally barred under Virginia law if Chapman now attempted tried to do so,[2] the claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[3]

In addition, when claims 4, 5(a), and 5(d) were raised in the state habeas corpus proceeding, the Supreme Court of Virginia found that as they concerned non-jurisdictional issues which could have been raised at trial and on direct appeal, they were not cognizable on habeas review pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (Va. 1974), cert.

---

[2]Petitioner's ability now to present his unexhausted claims to the Supreme Court of Virginia is foreclosed both by Va. Code § 8.01-654(B)(2), which precludes the filing of successive habeas petitions where the underlying facts were known at the time the first such application was filed.

[3]In claim 3 of this petition, Chapman argues that his right to be free of double jeopardy was violated when the trial court refused to strike all nine of the second or subsequent charges, because there was no evidence to support them. When Chapman raised this claim in his state habeas corpus application, the Supreme Court of Virginia found that it was defaulted because the issue was "raised and decided in the trial court and on direct appeal." Chapman v. Dir., slip op. at 9. However, careful review of the record of Chapman's direct appeal reveals that the Court's statement was mistaken, as the claim in fact was not assigned as error in that proceeding. As the claim thus has never been presented to the Supreme Court of Virginia, it is simultaneously exhausted and defaulted. Bassette, 915 F.2d at 932. Although respondent does not make such an argument, under the circumstances here Chapman has suffered no prejudice, because he acknowledged on the face of his federal petition that he failed to exhaust his state remedies as to the claim, and argued that the default was caused by his counsel's failure to address the issue on direct appeal. Pet. at 10.

denied, 419 U.S. 1108 (1975). See Chapman v. Dir., slip op. at 9 - 10. Where a state court has

determined that a claim has been procedurally defaulted, its finding is entitled to a presumption

of correctness on federal habeas corpus review, provided two foundational requirements are met.

Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir.

1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the

procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to

default petitioner's claim must be an independent and adequate state ground for denying relief.

Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held

consistently that "the procedural default rule set forth in Slayton constitutes an adequate and

independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir.

1997). Therefore, claims 4, 5(a), and 5(d) also are procedurally defaulted from federal review.

Federal courts may not review procedurally barred claims absent a showing of cause and

prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489

U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of

effective assistance of counsel, (2) a factor external to the defense which impeded compliance

with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54;

Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-

42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of

cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171

(1996).

In his Opposition to the ... Motion to Dismiss (Docket # 21), petitioner argues essentially

that the procedural default of his barred claims should be excused because their defaults were

caused by ineffective assistance of trial counsel. This argument fails because "a claim of

ineffective assistance [generally must] ... be presented to the state courts as an independent claim

may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Because the charge of ineffective assistance Chapman makes here has not been presented to and adjudicated by the Virginia courts, it cannot constitute cause for the procedural default of his federal claims, so claims 1(f)(2), 1(k), 3, 4, 5(a), 5(c) and 5(d) of this petition are barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

### A. Claim One

In the first claim of this petition, Chapman alleges that he received ineffective assistance of counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the

Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 1(a), petitioner alleges that counsel rendered ineffective assistance by failing to request a forensics examiner. The Supreme Court of Virginia found this argument to be without merit for the following reasons:

> In claim (A), petitioner alleges he was denied the effective assistance of counsel because counsel 'refused to file for a forensics investigator' pursuant to Ake v. Oklahoma, 470 U.S. 68 (1985). Petitioner contends the security system on his computer was out of date, and that it was susceptible to pop-ups and viruses, and an investigator could have testified to this fact.
>
> The Court holds that claim (A) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 4766 U.S. 668, 687 (1984). The record, including the affidavit of counsel, demonstrates that counsel spoke to potential experts, who informed him there was no way to determine if the photographs were pop-ups or had been searched for. Based on this information, which counsel confirmed with other individuals, counsel believed he could not meet the required showing of a 'particularized need' in order to have an expert appointed. Counsel is not ineffective for failing to ask for the appointment of a forensic expert where counsel is aware there are no grounds to support such a motion. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005), cert. denied, 540 U.S. 1108 (2006). Further, petitioner has failed to proffer an affidavit from an expert that would support his contention. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Chapman v. Dir., slip op. at 1 - 2.

As the Virginia court noted, defense counsel provided an affidavit in which he explained that after he successfully defended Chapman on other charges in a separate trial, he "focused" on

the charges involved here, and discussed with Chapman the possibility of getting a computer expert. "Knowing the requirement for a particularized need, [counsel] did contact a private computer company to discuss what they could understand and provide from this case's evidence. That company said that they would probably not be able to determine the particulars [counsel] was asking." Chapman v. Dir., Mo. to Dismiss, Ex.4, ¶ 3. Under these circumstances, the state courts' denial of relief on this claim was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In claim 1(b), petitioner contends that his attorney provided ineffective assistance when he failed to secure or to interview witnesses for the defense. The Supreme Court of Virginia held that this claim failed to satisfy either component of the Strickland analysis because:

> The record, including the affidavit of counsel, demonstrates that counsel contacted and interviewed numerous witnesses whom petitioner identified, and that there was only one witness counsel was able to locate. Further, petitioner has failed to identify or proffer affidavits from any of these witnesses, and has failed to articulate what information each witness would have provided. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Chapman v. Dir., slip op. at 3. It is well established that "'strategic choices made after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). Here, then, the state court's determination that this claim warranted no relief was based on a reasonable determination

of the facts and was not contrary to or an unreasonable application of applicable federal law, so

that result must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim 1(c), petitioner charges counsel with providing ineffective assistance by failing

to file for a bill of particulars. The Supreme Court of Virginia rejected this claim because "[t]he

record, including the affidavit of counsel, demonstrates that the Commonwealth provided

discovery, and therefore a bill of particulars would not have provided further details. Petitioner

has failed to articulate what additional information a bill of particulars would have elicited."

Chapman v. Dir., slip op. at 2. For the reasons expressed by the state court, petitioner in his third

subclaim of ineffective assistance fails to demonstrate either that counsel's performance was

deficient or that but for the error alleged, he would have been acquitted, so no relief is warranted.

Strickland, supra.

In claim 1(d), petitioner alleges that counsel rendered ineffective assistance by failing to

subpoena e-mails, disclaimers from websites, and telephone numbers from petitioner's phone.

The state court on habeas review held that this argument satisfied neither prong of the Strickland

test for the following reasons:

> The record, including the affidavit of counsel, demonstrates that
> counsel viewed the phone, but was unable to have it released from
> evidence by the prosecutor. Counsel obtained the disclaimers from
> the websites without a subpoena. Counsel did not subpoena the
> emails in question because he determined they were not relevant to
> this trial. Petitioner has failed to allege what information would have
> been obtained had the emails or the phone been subpoenaed.

Chapman v. Dir., slip op. at 4. In his affidavit, counsel explained that he "searched every avenue

available for the people that was [sic] given by Mr. Chapman." Counsel was able to view

Chapman's phone but was unable to secure its release from evidence by the prosecutor, and he

had the disclaimers from websites regarding the legal ages of the performers. Lastly, counsel did

not subpoena e-mails because he determined that they were relevant to a separate trial but only

collateral to the one at issue here. Chapman v. Dir., Mo. to Dismiss, Ex.4, ¶ 7. Under these

circumstances, Chapman has failed to establish either that counsel's representation fell below an

objective standard of reasonableness or that a reasonable probability existed that but for

counsel's challenged actions, the trial could have resulted in an acquittal. Cf. Strickland, 466

U.S. at 688, 694. Therefore, the Virginia court's finding that this claim warranted no relief was

both factually reasonable and was not contrary to or an unreasonable application of determinative

federal law, and the claim likewise must be denied here. Williams, 529 U.S. at 412-13.

In claim 1(e), petitioner asserts that he received ineffective assistance of counsel because

his attorney shared information with the prosecutor. In the affidavit filed in the state habeas

proceeding, counsel attested, "Affiant never shared privileged information with the

commonwealth's attorney. Affiant did have numerous conversations with the commonwealth's

attorney about the commonwealth's evidence in plea negotiations. Affiant never passed

privileged information to the commonwealth's attorney. The only time that privileged

information may have been overheard was following the motion to compel production of child

pornography. After that motion, the court ordered that the defendant view the images in a closed

courtroom with his counsel, the affiant, and the commonwealth's attorney controlling the scroll

of the images. Mr. Chapman and Affiant tried to keep their discussions quiet but it is possible

that the prosecutor heard parts or all of that discussion." Chapman v. Dir., Mo. to Dismiss, Ex.4,

¶ 7. The Supreme Court of Virginia found this claim to be without merit, as follows:

> In claim (E), petitioner alleges he was denied the effective assistance
> of counsel because counsel violated the ethics code by sharing
> information with the Commonwealth. Petitioner contends that
> counsel must have shared information with the prosecution because
> the Commonwealth's case changed to match what petitioner told
> counsel.
>
> The Court holds that claim (A) satisfies neither the 'performance' nor
> the 'prejudice' prong of the two-part test enunciated in Strickland v.

12

Washington, 4766 U.S. 668, 687 (1984). The record, including the affidavit of counsel, demonstrates that counsel did not share any privileged information with the Commonwealth. In addition, counsel took measures to prevent the Commonwealth from overhearing counsel's and petitioner's exchange during a court ordered viewing of the images where the Commonwealth's Attorney was present. Petitioner does not identify the information he contends counsel shared. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Chapman v. Dir., slip op. at 4. This Court must accept the state court's factual determination that counsel did not share any privileged information with the Commonwealth. See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989). For that reason, the state court's rejection of Chapman's argument that he thereby received ineffective assistance was neither contrary to nor an unreasonable application of the controlling federal law, Strickland, supra, nor was it based on an unreasonable determination of the facts. Thus, the same result must be reached here. Williams, 529 U.S. at 412-13.

In the first part of claim 1(f), petitioner alleges that counsel provided ineffective assistance by failing to object to altered evidence submitted by the Commonwealth. In his affidavit, counsel explained that he "agree[d] that the images are strangely framed but had no direct indication that the images were altered. Because of the nature of the photographs, counsel was not allowed to possess the images only view them at different times in preparation for trial. At no time did Affiant notice that the images were altered from a previous time. It was a question that was asked of the forensics examiner." Chapman v. Dir., Mo. to Dismiss, Ex.4, ¶ 9. The Supreme Court of Virginia found that petitioner's claim failed to satisfy either component of the Strickland test because "counsel had no knowledge that any images were ever altered." As that factual determination by the state court is binding here, Evans, 881 F.2d at 125, petitioner has failed to establish that the evidence in fact was altered, so his claim that counsel rendered

13

ineffective assistance by failing to object on that basis must fail.

In claim 1(g), petitioner contends that his attorney was ineffective for failing to visit petitioner a sufficient number of times to prepare for trial. The Supreme Court of Virginia held otherwise, both because counsel's affidavit demonstrates that he "met with petitioner numerous times while representing him on this and other matters," and because "petitioner has failed to articulate what information would have been exchanged at any additional meetings between petitioner and counsel." Chapman v. Dir., slip op. at 7. Under such circumstances, the Court's conclusion that neither prong of Strickland was satisfied was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of applicable federal law, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In claim 1(h), petitioner asserts that his representation fell below constitutional standards because counsel failed to present any defense evidence at trial. In the state habeas proceeding, this argument was found to be without merit because counsel "cross-examined the Commonwealth's evidence, called three witnesses to the stand on behalf of the defense, and challenged the sufficiency of the evidence." Chapman v. Dir., slip op. at 7. Moreover, "petitioner ... failed to articulate what information would have been exchanged at any additional meetings between petitioner and counsel." Id. The Court concluded that petitioner therefore had failed to demonstrate either that counsel's performance was deficient or that but for his alleged errors, the outcome of the trial would have been different. Id. Examination of the record confirms that this analysis constituted a reasonable determination of the facts and that rejection of the allegation of ineffective assistance was not contrary to or an unreasonable application of applicable federal law, so the claim likewise must be denied here. Williams, 529 U.S. at 412-13.

In claim 1(i), Chapman contends that counsel provided ineffective assistance by failing to question his mother and brother about an investigation into his brother's involvement in child

pornography. The Supreme Court of Virginia rejected this argument on the following holding:

> The Court holds that [this claim] satisfied neither the 'performance'
> or the 'prejudice' prong of the two-part test enunciated in Strickland.
> The record, including the trial transcript and affidavit of counsel,
> demonstrates that when counsel asked petitioner's brother about the
> day the search warrant was executed, the brother testified that he did
> not remember what he was doing that day. Further, petitioner has
> failed to proffer an affidavit from his brother as to what the brother
> would have stated if counsel had questioned him further. Petitioner
> has also failed to proffer an affidavit from his mother as to what her
> testimony would have been regarding the alleged phone call to jail,
> nor has he proffered the records from the jail. Thus, petitioner has
> failed to demonstrate that counsel's performance was deficient or that
> there is a reasonable probability that, but for counsel's alleged errors,
> the result of the proceeding would have been different.

Chapman v. Dir., slip op. at 6. In his affidavit filed in the state court proceeding, counsel

explained that he subpoenaed Chapman's brother and placed him under oath on the stand,

because a "possible second line of defense" was to allege that the brother had placed the child

pornography on the computer. However, because the brother would not speak "in depth" to

counsel before the trial, counsel was uncertain of the nature of the testimony he might offer.

Therefore, a "tactical decision" was made not to make the brother a hostile witness and to

discontinue the direct examination because of the risk that an "unpredictable answer" might harm

Chapman's case. Chapman v. Dir., Mo. to Dismiss, Ex.4, ¶ 10. This strategic decision by

counsel regrading the calling of a witness cannot support a claim of ineffective assistance. Jones,

547 F.2d at 808; Gray, 529 F.3d at 229.

In claim 1(j), Chapman asserts that counsel rendered ineffective assistance by failing to

contact Chapman regarding his appeal and leaving out several claims of error. As to this

allegation, counsel attested that he was prepared and "submitted all the appeal issues he believed

to be viable." Chapman v. Dir., Mo. to Dismiss, Ex.4, ¶ 11. Moreover, two of the questions

counsel presented were granted and resulted in oral argument being presented and the issuance of

published opinion by the Court of Appeals of Virginia. Id. The Supreme Court of Virginia found this claim to be meritless because "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." Chapman v. Dir., slip op. at 8, citing Jones v. Barnes, 463 U.S. 745, 751 - 52 (1983). Under these circumstances, the Court's conclusion that this claim satisfies neither prong of Strickland was factually reasonable and was not contrary to or an unreasonable application of applicable federal law, so that same determination is required here. Williams, 529 U.S. at 412-13.

B. Claim Two

In his second claim, Chapman argues that the evidence was insufficient to sustain his convictions, essentially because inadequate investigation was done to show that he possessed the pornographic images found on the computer. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981), and a petitioner can rebut this presumption of correctness only by "clear and convincing evidence." Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003). The federal inquiry is not whether the trier of fact made the correct determination of a petitioner's guilt or innocence, but instead is concerned only with whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998).

When Chapman presented the instant claim on direct appeal, the Court of Appeals of Virginia found it to be without merit, as follows:

16

Appellant contends the evidence was insufficient to establish he possessed the pornographic images on the computer. 'Possession may be actual or constructive.' Logan v. Commonwealth; 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) *(en banc)*. ... Constructive possession of images found on a computer can be proven by the location of the computer at a defendant's residence, exclusive use of the computer by the defendant, and by other circumstances showing the defendant exercised dominion and control over the images. See Kromer v. Commonwealth, 45 Va. App. 812, 820 - 21, 613 S.E.2d 871, 875 (2005).

Forensic analysis proved that twenty-one images of child pornography were accessed on the Internet using appellant's computer between 8:00 and 8:30 a.m. on the morning the police arrived to execute the search warrant. The images were saved in the computer's Internet cache files. Appellant's computer was located in the basement, in a portion of the house where appellant lived alone. In addition, appellant was at home when the police arrived at 9:50 a.m. Moreover, the evidence regarding the times personal photographs of appellant were accessed on the computer tended to prove that appellant was the person using the computer at the time the child pornography was viewed on the Internet and downloaded to the cache files. Thus, considered as a whole, the facts and circumstances proved beyond a reasonable doubt appellant constructively possessed the pornographic images on his computer.

Chapman v. Commonwealth, R. No. 1210-09-4 (Va. Ct. App. Oct. 9, 2009), slip op. at 3 - 4.

Because the foregoing order was the last reasoned state court decision on the claim at issue, its

reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without

explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Based on the foregoing analysis, it is apparent that when the evidence regarding

Chapman's possession of the pornographic images is viewed in the light most favorable to the

prosecution, a rational trier of fact could have found him guilty beyond a reasonable doubt.

Jackson, 443 U.S. at 319. Therefore, claim two of this petition warrants no federal relief.

C. Claim Five

In claim 5(b), Chapman argues that an improper jury instruction on the law of "knowingly

17

possessed" was given at his trial.[4] 'The propriety of state court jury instructions is a matter of state law, Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976), and "[i]t is only in circumstances where instructions impinge on fundamental fairness or infringe on specific constitutional or federal protections that a federal question is presented," such that relief under § 2254 would be available. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

Here, the opinion of the Virginia Court of Appeals reflects that Chapman proposed a special jury instruction on knowing and intentional possession of child pornography. However, the trial court found the proposed instruction was "not apropos to the facts of this case" and contained "phrases and references which are not only inappropriate but would be downright confusing to the jury." Chapman, 697 S.E.2d at 25 - 26. Instead, the court instructed the jury that it could convict Chapman of possession of child pornography only if it found beyond a reasonable doubt that the "knowingly possessed" such material. Id. at 26. On review, the appellate court found no error, both because it determined that the case upon which Chapman relied for his proposed instruction was "not controlling given the very different facts presented" in his case, id., and because "the trial court *actually instructed* the jury to determine whether appellant 'knowingly possessed' child pornography, as was required by statute to support a conviction for possession of child pornography." Id. at 27, emphasis original. Since it thus is apparent that the instruction the jury received did not impinge on the fundamental fairness of Chapman's trial or infringe on any specific constitutional or federal protection, relief under § 2254 is not available for claim 5(b). Grundler, 283 F.2d at 802.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this

---

[4] It will be recalled that claims 3, 4 and 5(a), 5(c) and 5(d) are procedurally defaulted, as discussed above.

petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this  20ᵗʰ  day of  November  2012.

Alexandria, Virginia

_____ /s/ _____

Liam O'Grady
United States District Judge